IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAWARN CARTER, AIS # 263347, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-906-WKW |
| | ) | [WO] |
| PAMELA BUTLER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Petitioner Lawarn Carter, a state prisoner proceeding *pro se*, filed a Petition

for Writ of Habeas Corpus Under 28 U.S.C. § 2254.  (Doc. # 1.)  Petitioner

challenges his 2008 conviction for trafficking cocaine and the resulting life sentence

imposed by the Circuit Court of Pike County, Alabama.  *See State v. Carter*, CC-

2008-000068.00 (Pike Cnty. Cir. Ct.).  As ordered (Doc. # 11), Respondent, through

the Office of the Attorney General of the State of Alabama, timely filed an Answer

to the petition, as well as records of the state-court proceedings.  (Doc. # 15.)

Although Petitioner was directed to file a reply (Doc. # 16), he did not do so.

Based upon a review of the parties' submissions, an evidentiary hearing is not

warranted.  *See* Rule 8, *Rules Governing Section 2254 Cases in the United States*

*District Courts*.  For the reasons set forth below, Petitioner is not entitled to relief

because his petition is time-barred under 28 U.S.C. § 2244(d)(1)(A). Therefore, the petition will be dismissed with prejudice. Furthermore, Petitioner will be denied a certificate of appealability.

## II. SUBJECT MATTER JURISDICTION AND VENUE

Under 28 U.S.C. § 2254(a), federal district courts have the authority to consider an application for a writ of habeas corpus on behalf of an individual in state custody pursuant to a state-court judgment but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." This provision limits authority, rather than conferring it, with habeas jurisdiction established by 28 U.S.C. § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Under § 2241, federal district courts have the power to grant writs of habeas corpus "within their respective jurisdictions," § 2241(a), when a state-convicted prisoner "is in custody in violation of the Constitution, " § 2241(c)(3). The "in-custody" requirement mandates that the habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). Furthermore, § 2241(d), referred to as a "venue provision," "gives the petitioner 'the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located.'" *Dobard v. Johnson*, 749 F.2d 1503, 1509–10 (11th Cir. 1985) (Clark, J., dissenting) (citation omitted).

2

Petitioner was in custody under a state-court judgment when he filed this petition. Additionally, at the time of filing, Petitioner was incarcerated in a state prison located in the Middle District of Alabama under conviction and sentence of a state court in this district. Accordingly, this court has subject matter jurisdiction to consider his petition, and venue is proper.

## III. BACKGROUND

### A. State Court Trial Proceedings and Direct Appeal

In March 2008, Petitioner was indicted for trafficking cocaine in violation of Alabama Code § 13A-12-231. (Doc. # 15 at 1; Doc. # 15-1 at 26–27.) On December 16, 2008, following a trial, the jury returned a guilty verdict. (Doc. # 15-1 at 101–02.) On January 6, 2009, Petitioner was sentenced as a habitual felony offender to life imprisonment. (*Id.* at 107–08.) On February 4, 2009, Petitioner timely filed a *pro se* notice of appeal to the Alabama Court of Criminal Appeals (ACCA). (*Id.* at 111.)

On appeal to the ACCA, Petitioner argued: (1) that the trial court erred in denying his motion for a continuance (Doc. # 15-3 at 17); (2) that statements of police officers at trial, indicating his prior history, were prejudicial and served to bias the jury (*id.* at 22); (3) that his trial counsel's failure to object to the police officers' testimony during the trial resulted in ineffective assistance of counsel (*id.* at 25); and (4) that the trial court erred in denying his motion for judgment of

acquittal (*id.* at 27).  The ACCA affirmed Petitioner's conviction and sentence in an unpublished memorandum on March 19, 2010.  (Doc. # 15-4 (Ex. D).)  A certificate of judgment was issued on April 7, 2010.  (Doc. # 15-5 (Ex. E).)

**B.      Post-Conviction Remedies in State Court**

On March 16, 2011,[1] Petitioner filed his first Petition for Relief from Conviction or Sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.  *See State v. Carter*, CC-2008-000068.60 (Pike Cnty. Cir. Ct.), ECF No. 3.  After an evidentiary hearing, Petitioner's first Rule 32 petition was denied on June 12, 2015.  *Id.*, ECF No. 52.  Thereafter, Petitioner appealed the denial of his Rule 32 petition to the ACCA.  *Id.*, ECF No. 55.  By unpublished memorandum dated March 11, 2016, the ACCA affirmed the lower court's denial of the Rule 32 petition.  *Id.*, ECF No. 70.  A certificate of judgment was issued on March 30, 2016. *Id.*, ECF No. 71.

On January 27, 2023,[2] Petitioner filed a second Rule 32 petition.  *See State v. Carter*, CC-2008-000068.61 (Pike Cnty. Cir. Ct.), ECF No. 2; (Doc. # 15-6 at 6–

---

[1] Although Petitioner's first Rule 32 petition was not docketed in the circuit court until April 12, 2011, Petitioner stated "Mar. 16, 2011" as the date the petition was being mailed.  *See State v. Carter*, CC-2008-000068.60 (Pike Cnty. Cir. Ct.), ECF No. 3 at 7; *see also Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002) ("Alabama courts have held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing.").

[2] Although Petitioner's second Rule 32 petition was stamped as filed with the circuit clerk's office on February 13, 2023, Petitioner stated in his petition that he placed it with prison officials for mailing on January 27, 2023.  (Doc. # 15-6 at 13); *see Ex parte Allen*, 825 So. 2d at 272.

22.)  The Pike County Circuit Court summarily dismissed Petitioner's second Rule 32 petition on July 16, 2024, stating that his claims were "successive and without merit."   (Doc. # 15-6 at 39.)   Petitioner appealed the circuit court's summary dismissal of his second Rule 32 petition.  (*Id.* at 41.)  The ACCA affirmed the circuit court's summary dismissal of Petitioner's second Rule 32 petition in an unpublished memorandum decision dated June 20, 2025.[3]  (Doc. # 15-8 (Ex. H).)

On July 7, 2025, Petitioner filed an application for rehearing and brief in support with the ACCA.  (Doc. # 15-9 (Ex. I).)  The ACCA overruled Petitioner's application for rehearing on July 25, 2025.  (Doc. # 15-10 (Ex. J).)  Petitioner then filed a petition for writ of certiorari, dated August 5, 2025, with the Alabama Supreme Court.  (Doc. # 15-11 (Ex. K).)  On October 10, 2025, the Alabama Supreme Court issued a certificate of judgment, denying Petitioner's petition for writ of certiorari with no opinion.  (Doc. # 15-12 (Ex. L).)

C.    **The Instant Federal Habeas Petition and Respondent's Answer**

On October 28, 2025,[4] Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. # 1.)  Petitioner alleges two grounds for relief.

---

[3] A certificate of judgment was issued on October 10, 2025, after the Alabama Supreme Court denied Petitioner's petition for writ of certiorari.  (Doc. # 15-13 (Ex. M).)

[4] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam).  Petitioner signed his petition under penalty of perjury and

5

First, he claims that the trial court failed to swear in or administer the initial oath to the jury.  (Doc. # 1 at 5, 8.)  Second, he asserts that the State failed to prove the chain of custody for the drug evidence.  (*Id.* at 6–8.)

On February 10, 2026, Respondent was ordered to file an answer to Petitioner's federal habeas petition.  (Doc. # 11.)  Thereafter, Respondent timely filed an answer and exhibits (Doc. # 15), contending that the petition should be dismissed with prejudice because (1) it is time-barred; (2) Petitioner did not exhaust state-court remedies before filing his petition; (3) Petitioner's claims are procedurally defaulted; and (4) Petitioner's claims are meritless.  By Order issued on March 10, 2026, Petitioner was directed to file a reply to Respondent's answer. (Doc. # 16.)  The deadline for Petitioner to file a reply expired on March 31, 2026, and to date, Petitioner has not filed a reply as ordered.

## IV.  DISCUSSION

Respondent presents multiple grounds for dismissal, including untimeliness, failure to exhaust, procedural default, and lack of merit.  However, because the petition clearly is time-barred under 28 U.S.C. § 2244(d)(1), this issue is decisive, rendering it unnecessary to address the other grounds.

---

dated it "10-28-2025."  (Doc. # 1 at 16.)  Therefore, even though his habeas petition was not received and docketed by the court until November 17, 2025, his petition is deemed filed on October 28, 2025.

### A.   The AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The one-year limitation period begins when the state-court judgment is considered final, as defined by the AEDPA.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  The AEDPA specifies two alternative dates on which a state-court judgment becomes final:  (1) at the "conclusion of direct review" or (2) upon the "expiration of the time for seeking such review."  § 2244(d)(1)(A).[5]

In *Gonzalez*, the Supreme Court established that § 2244(d)(1)(A)'s text "consists of two prongs" with distinct applications:

> For petitioners who pursue direct review all the way to th[e United States Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"— when the time for pursuing direct review in this Court, or in state court, expires.

565 U.S. at 150.[6]   Petitioner falls within the second category of *Gonzalez* petitioners—those whose judgment of conviction "becomes final at the 'expiration

---

[5] The petition contains no facts that trigger the application of § 2244(d)(1)(B)–(D).

[6] The issue in *Gonzalez* centered on identifying when a judgment becomes final under § 2244(d)(1)(A) if a state petitioner forgoes review in a state's highest court.  565 U.S. at 150.  There, the state petitioner pursued a direct appeal to the intermediate state appellate court but did not seek discretionary review in the state's highest court.  *See id.* at 138.  The Supreme Court held

of the time for seeking such review' . . . in state court." *Id.* (quoting § 2244(d)(1)(A)).

After the Pike County Circuit Court imposed a life sentence on January 6, 2009, Petitioner timely filed a direct appeal with the ACCA. (Doc. # 15-1 at 111.) On March 19, 2010, the ACCA affirmed Petitioner's conviction and sentence in an unpublished memorandum decision. (Doc. # 15-4 (Ex. D).) Petitioner had 14 days, starting on March 22, 2010,[7] to file an application for rehearing with the ACCA. *See* Ala. R. App. P. 40(c); *see also* Ala. R. App. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the [ACCA] is a prerequisite to certiorari review by the Alabama Supreme Court."). It does not appear from Respondent's answer or the court's independent review of the state court trial proceedings that Petitioner filed an application for rehearing or attempted to file petition for a writ of certiorari in the Alabama Supreme Court without first filing an application for rehearing. The 14-day deadline for Petitioner to file an

---

that the judgment became final under § 2244(d)(1)(A) when the time for seeking discretionary review in the state's highest court expired under the state court's filing deadlines. *See id.* at 150 ("We . . . agree with the Court of Appeals that because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.").

[7] Under Rule 26(a) of the Alabama Rules of Appellate Procedure, "[i]n computing any period of time prescribed by these rules, by an order of court, or by any application statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." The ACCA issued its unpublished memorandum decision affirming Petitioner's conviction and sentence on Friday, March 19, 2010. Therefore, the computation of the 14-day deadline for Petitioner to file an application for rehearing with the ACCA began the following Monday—March 22, 2010.

application for rehearing expired on April 5, 2010.[8]   Therefore, Petitioner's judgment of conviction became final on April 6, 2010, and the one-year limitation period under § 2244(d)(1)(A) began to run the next day—April 7, 2010.  *See Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 n.3 (11th Cir. 2017) ("The limitation period [under § 2244(d)(1)(A)] began to run the day after the conviction and sentence became final . . . ." (citing *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to the calculation of the AEDPA's one-year limitation period and explaining that the limitation period therefore begins to run from the day after the day of the event that triggers the period))).

On March 15, 2011—23 days before the expiration of the one-year limitation period—Petitioner timely filed his first Rule 32 petition.  *See State v. Carter*, CC-2008-000068.60 (Pike Cnty. Cir. Ct.), ECF No. 3.  Petitioner's timely filing of his first Rule 32 petition stopped the one-year clock.  After an evidentiary hearing, Petitioner's first Rule 32 petition was denied on June 12, 2015.  *Id.*, ECF No. 52. Petitioner appealed to the ACCA.  *Id.*, ECF No. 55.  By unpublished memorandum

---

[8] Fourteen days from Monday, March 22, 2010 (including March 22, 2010) makes the date of the expiration of the deadline for Petitioner to file an application for rehearing with the ACCA Sunday, April 4, 2010.  However, under Rule 26(a) of the Alabama Rules of Appellate Procedure, "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Therefore, Petitioner had until 11:59 p.m. on Monday, April 5, 2010, to file an application for rehearing with the ACCA.

dated March 11, 2016, the ACCA affirmed the lower court's denial of the Rule 32 petition. *Id.*, ECF No. 70. A certificate of judgment was issued on March 30, 2016. *Id.*, ECF No. 71. Starting on March 14, 2016,[9] Petitioner had 14 days—until March 28, 2016[10]—to file an application for rehearing with the ACCA. *See* Ala. R. App. P. 40(c); *see also* Ala. R. App. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the [ACCA] is a prerequisite to certiorari review by the Alabama Supreme Court."). Petitioner did not file an application for rehearing. Therefore, the one-year clock started running again on March 29, 2016.

Accounting for the tolling of the one-year limitation period during the pendency of Petitioner's first Rule 32 petition, Petitioner had 23 days left on the clock when it restarted on March 29, 2016. The one-year limitation period thus

---

[9] The ACCA's decision affirming the lower court's denial of Petitioner's first Rule 32 petition was issued on Friday, March 11, 2016. Pursuant to Rule 26(a) of the Alabama Rules of Appellate Procedure, the computation of the 14-day deadline for Petitioner to file an application for rehearing with the ACCA began the following Monday—March 14, 2016.

[10] Fourteen days from Monday, March 14, 2016 (including March 14, 2016) makes the date of the expiration of the deadline for Petitioner to file an application for rehearing with the ACCA Sunday, March 27, 2016. *But see* Ala. R. App. P. 26(a) ("The last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, Sunday, or legal holiday . . . ."). Therefore, Petitioner had until 11:59 p.m. on Monday, March 28, 2016, to file an application for rehearing with the ACCA.

expired on April 20, 2016.[11]  Consequently, Petitioner's federal habeas petition, filed

in October 2025, is untimely.

**B.**  **Statutory Tolling, Equitable Tolling, and Actual Innocence**

An otherwise untimely petition under 28 U.S.C. § 2254 may be considered

only if the petitioner demonstrates either entitlement to tolling or a fundamental

miscarriage of justice.   As explained below, Petitioner has not identified facts

establishing that either statutory or equitable tolling applies, or that a fundamental

miscarriage of justice occurred.

**1.**  ***Statutory Tolling***

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during

the pendency of "a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim."  A properly filed

state-court application must be pending during § 2244(d)(1)(A)'s one-year limitation

period for tolling to occur.  The one-year limitation period was tolled during the

pendency of Petitioner's first Rule 32 petition, which he filed 23 days before the

limitation period expired.  That is, the one-year clock, which began to run on April

---

[11] The Eleventh Circuit calculates the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) using the "anniversary method," rather than counting exactly 365 days, "which means the limitation period expire[s] on the anniversary of the date it began to run."  *Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 n.3 (11th Cir. 2017).  To illustrate, applying the anniversary method, the *Green* court explained that the judgment became final on November 22, 2010; the one-year limitation period began to run on November 23, 2010; and, absent tolling, it "expired on the anniversary of the date it began to run—November 23, 2011."  *Id.*

7, 2010, stopped on the date that Petitioner timely filed his first Rule 32 petition—March 15, 2011.  The one-year clock remained stopped during the entire pendency of Petitioner's first Rule 32 petition, including his appeal to the ACCA.  After the ACCA affirmed the circuit court's denial of his Rule 32 petition, Petitioner did not file an application for rehearing with the ACCA within the allotted 14 days.  The day after the deadline for Petitioner to file an application for rehearing with the ACCA expired (*i.e.*, March 29, 2016), the one-year clock, which had 23 days remaining on it, restarted.  The one-year limitation period expired on April 20, 2016.

On January 27, 2023, more than 6 years after the limitation period's expiration, Petitioner filed a second Rule 32 petition.  But "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam).  Accordingly, Petitioner's filing of his second Rule 32 petition did not toll the long-expired limitation period under § 2244(d)(2), and the already expired limitation period was not (and could not be) statutorily tolled based on Petitioner's belated filing of his second petition.

### 2.   *Equitable Tolling*

Equitable tolling of § 2244(d)(1)(A)'s one-year limitation period applies where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Equitable tolling is "an extraordinary remedy" and, thus, is "limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1179 (11th Cir. 2021) (citation omitted). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam).

Petitioner has not alleged that extraordinary circumstances prevented him from filing his § 2254 petition on time or that he pursued his rights diligently during the years between the state-court judgment's finality and the filing of this petition. The § 2254 form petition requires Petitioner to address the one-year limitation period if the challenged state-court judgment became final over a year ago. In this space, Petitioner wrote, "N/A, State Exhausted." (Doc. # 1 at 15.) Furthermore, Petitioner failed to file a reply brief as ordered. The merits-focused arguments in his petition do not satisfy the standard for equitable tolling because the standard focuses "on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314–15 (11th Cir. 2001) (per curiam). Simply put, Petitioner's arguments fail to explain why he filed his petition late, and he has not alleged extraordinary circumstances or that he pursued his rights diligently so as to warrant equitable tolling.

### 3.      *Fundamental Miscarriage of Justice:  Actual Innocence*

Even where there is no basis for tolling, a petitioner can overcome § 2244(d)(1)'s one-year limitation period where he can show a "fundamental miscarriage of justice." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  The "fundamental miscarriage of justice" exception requires a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Id.* (citation omitted).  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or . . . expiration of the [AEDPA] statute of limitations."  *Id.* at 386.

The actual innocence exception "is exceedingly narrow," *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012) (per curiam), and requires a petitioner "(1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence," *id.* at 1011 (cleaned up).  Additionally, a petitioner must show "factual innocence, not mere legal insufficiency." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *accord McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011).

Petitioner has not raised a claim of actual innocence to excuse his untimely filing. He has not alleged that there is any evidence, let alone new and reliable evidence, that would demonstrate that he did not commit the offense for which he was convicted, such that no reasonable juror would have found him guilty beyond a reasonable doubt. Instead, Petitioner simply argues (1) that the State failed to prove the chain of custody for the drug evidence and (2) that the trial court failed to administer a proper/adequate oath to the petit jury. (Doc. # 1 at 8.) As to his second claim, Petitioner contends that this failure implicated the trial court's subject matter jurisdiction. (*Id.*)

The arguments presented by Petitioner suggest, at most, legal insufficiency rather than factual innocence. *See Johnson*, 513 F.3d at 1334. Moreover, even though Petitioner argues that the alleged failure to properly administer the oath to the jury implicated the trial court's subject matter jurisdiction, "[t]here is no exception to the limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court." *Smith v. Giles*, 2017 WL 4021125, at *2 (M.D. Ala. July 12, 2017), *R&R adopted*, 2017 WL 4019425 (M.D. Ala. Sep. 12, 2017); *see also Brown v. Patterson*, 2012 WL 3264896, at *3 (M.D. Ala. June 18, 2012) ("[The petitioner] argues that his claim challenging the validity of his sentence presents a jurisdictional claim which is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither the statute nor federal

15

case law makes such an exception for alleged jurisdictional issues arising under state law."), *R&R adopted*, 2012 WL 3264556 (M.D. Ala. Aug. 9, 2012).

## V.  CONCLUSION

Petitioner did not file this 28 U.S.C. § 2254 petition for a writ of habeas corpus within the AEDPA's one-year limitation period, *see* 28 U.S.C. § 2244(d)(1), and he has not shown his entitlement to statutory or equitable tolling or that a fundamental miscarriage of justice occurred so as to excuse his § 2254 petition's untimeliness. Therefore, the petition must be dismissed with prejudice.

A prisoner seeking a writ of habeas corpus does not have an automatic right to appeal a district court's denial of the petition.  *See* 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Petitioner has not shown, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* § 2253(c).  Therefore, Petitioner will be denied a certificate of appealability.

Accordingly, it is ORDERED that Petitioner Lawarn Carter's 28 U.S.C. § 2254 petition is DISMISSED with prejudice and that Petitioner is DENIED a certificate of appealability.

Final judgment will be entered separately.

DONE this 30th day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE